From: The District Court of the Fourth Judicial District. County of Missoula.

STATE OF MONTANA, Plaintiff, vs. LEROY KIRKLAND, JR., Defendant.

NO. 3389/6

DECISION

The application of the above-named defendant for a review of the sentence of 3 years for first degree burglary to run consecutively to a 15 year sentence received in February, 1961, in Cascade County, Montana imposed on May 6th, 1966, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence for 3 years for burglary imposed May 6, 1966, be made concurrent with defendant's prior sentence of 15 years imposed in February, 1961, rather than consecutive.

While it is true that the presumption is that the sentencing judge was correct in his assessment of the situation and was justified in imposing the sentence he did, nevertheless it has been made to appear to this Court that the interests of justice, the sentencing goals kept in mind, would be better served by making possible an earlier supervised release of this defendant, particularly when it is considered that his original sentence will not expire until 1976.

We thank Professor David J. Patterson, Acting Director of the Montana Defender project, for his assistance to the defendant and to the Court.

DATED this 25th day of July, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the First Judicial District. County of Lewis and Clark.

STATE OF MONTANA, Plaintiff, vs. JOHN BENJAMIN DIETZ, Defendant.

NO. 3071

DECISION

The application of the above-named defendant for a review of the sentence of fifteen and one-half years for Infamous Crime Against Nature, imposed on February 13, 1958, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that this sentence is not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that the crime carries a minimum punishment of 5 years imprisonment and may be punished by imprisonment for life or years without limit. Further, defendant has a prior felony conviction involving a sex offense and has a parole violation in connection with the sentence under consideration.

DATED this 20th day of October, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.